UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERIC RAMOS HERNANDEZ,<br>Defendant. | No. 2:26-cr-00112-DC-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION<br><br>(Doc. No. 16) |

This matter is before the court on Defendant Eric Ramos Hernandez's July 10, 2026 motion to revoke the magistrate judge's order of detention issued on June 29, 2026. (Doc. No. 16.) The Government filed an opposition to the pending motion on July 17, 2026, and Defendant filed a response thereto on July 21, 2026. (Doc. Nos. 17, 19.) Neither party requested a hearing on the motion. For the reasons explained below, the court will deny Defendant's motion to revoke the detention order.

**BACKGROUND**

Defendant was charged by way of criminal complaint in this federal prosecution on June 24, 2026, with one count of Unauthorized Reentry by a Deported Alien, in violation of 8 U.S.C. § 1326. (Doc. No. 1.) Defendant made his initial appearance before the court on

/////

/////

June 26, 2026, at which time the Government moved for his detention.[1] (Doc. No. 5.) Prior to that appearance, the Government filed a brief regarding pretrial detention, specifically arguing that Defendant "is a clear and proven danger to the community, is a flight risk, and should be detained pending trial." (Doc. No. 4 at 4.)

At the initial appearance, Chief Magistrate Judge Carolyn K. Delaney heard argument from both parties as to whether this case qualifies for a detention hearing. The Government initially argued that the basis for a detention hearing was the fact that the maximum penalty faced by Defendant in this case is ten years imprisonment, invoking 18 U.S.C. § 3142(f)(1), as well as the reasons stated in the Government's detention brief regarding danger to the community and flight risk, invoking 18 U.S.C. § 3142(f)(2). However, as to the maximum penalty faced, the parties and the court agreed after consulting the applicable "Detention Hearing" statute that § 3142(f)(1) does not apply to this case. Consequently, the Government indicated that it was prepared to proceed with arguing under § 3142(f)(2), which provides:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community –
>
> (2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
>
> (A) a serious risk that such person will flee; or
>
> (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C § 3142(f)(2).

Defense counsel maintained that no detention hearing was warranted because there had been no showing of a serious risk of flight. Defense counsel also asserted that the Government's detention brief addresses only dangerousness and does not attempt to establish that Defendant is a flight risk. Defense counsel emphasized that Defendant has been making all appearances in his state court cases and has been checking in with his parole officer.

---

[1] Defendant filed a copy of the digital audio recording of the initial appearance on the docket. (Doc. No. 18.)

The Government argued that Defendant presents a serious risk of flight based on his immigration history, which involved repeatedly being removed to Mexico and unlawfully reentering the county, as well as his extensive criminal history, which reflects Defendant committed numerous crimes while on supervision.

Defense counsel acknowledged that Defendant has had criminal cases in multiple jurisdictions within California, but defense counsel stressed that Defendant has appeared at every court date in those cases. Defense counsel offered that Defendant has a stable residence with his girlfriend (a legal permanent resident) and her seven-year-old daughter in an apartment in Mountain View, California, where they have lived for the last three-and-a-half years. Defense counsel also noted Defendant's three brothers, sister, and mother live in California, and some of his family were present in the courtroom at the initial appearance. Further, defense counsel represented that Defendant has stable employment working as janitorial staff.

After hearing the parties' arguments, the magistrate judge concluded that Defendant presents a flight risk and proceeded with a detention hearing. In doing so, the magistrate judge emphasized that Defendant's criminal history shows that he has been arrested in numerous different cities all over California, and he has repeated unlawful reentries into the country after being removed to Mexico multiple times. The magistrate judge found this criminal history indicates that Defendant has no strong ties to any particular area, which demonstrates a serious risk of flight.

The magistrate judge thereafter held a detention hearing to consider whether Defendant should be released or detained. The magistrate judge found the pretrial services report to be persuasive in showing that Defendant may pose a danger to the community given his serious criminal history, including a long history of felony convictions for violating post-release community supervision and for assault with a deadly weapon with force. The magistrate judge then ordered Defendant detained as a flight risk and a danger to the community. The order of detention pending trial was entered on the docket on June 29, 2026.

On July 10, 2026, Defendant timely filed the pending motion to revoke that order of detention, which is properly before the undersigned. *See* 18 U.S.C. § 3145(b) (providing for

review of detention orders).

## LEGAL STANDARD

Release pending trial is governed by the Bail Reform Act, 18 U.S.C. §§ 3141–3156. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) In applying the Bail Reform Act, courts recognize that "federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail," and "[o]nly in rare circumstances should release be denied." *Id.* (citations omitted). "Doubts regarding the propriety of release should be resolved in favor of the defendant." *Id.*

The Ninth Circuit has explained that the Bail Reform Act does not authorize "pretrial detention without bail based solely on a finding of dangerousness" because such an "interpretation of the Act would render meaningless 18 U.S.C. § 3142(f)(1) and (2)." *United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (citing *United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986)). As explained in *Byrd*, § 3142(f) "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [six circumstances listed in (f)(1)(A), (f)(1)(B), (f)(1)(C), (f)(1)(D), (f)(2)(A) and (f)(2)(b)]," and a detention "hearing can be held only if one of the six circumstances listed in (f)(1) and (2) is present." 969 F.2d at 109. Similarly, as explained in *Ploof*, "the structure of the [detention hearing] statute and its legislative history make it clear that Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists." 851 F.2d at 11. Likewise, as stated in *Himler*, "it is reasonable to interpret the statute as authorizing detention only upon proof of a likelihood of flight [(f)(2)(A)], a threatened obstruction of justice [(f)(2)(B)] or a danger of recidivism in one or more of the crimes actually specified by the bail statute [(f)(1)(A)–(E)]." 797 F.2d at 160. In *Twine*, the Ninth Circuit adopted the reasoning from these sister circuits. 344 F.3d at 987.

"On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

"If a person is ordered detained by a magistrate judge, . . . , the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145. Further, such a "motion shall be determined promptly." *Id.* In doing so, the district court conducts a *de novo* review of the magistrate judge's detention order. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). In the context of this *de novo* review, the Ninth Circuit explained the district court's task as follows:

> Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist. . . . . It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate. The point is that the district court is to make its own 'de novo' determination of facts, whether different from or an adoption of the findings of the magistrate.

*Koenig*, 912 F.2d at 1193 (internal citation omitted). Relying on this explanation from *Koenig*, the Eight Circuit recently stated: "Reviewing without deference does 'not require[ ] [the district court] to start over in every case, and proceed as if the magistrate's decision and findings d[o] not exist.' If the district court agrees fully with the magistrate's order and reasons, it may adopt the order." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023) (quoting *Koenig*, 912 F.2d at 1193) (internal citation omitted).

**DISCUSSION**

In the pending motion, Defendant argues that "[t]he magistrate judge's finding that [Defendant] presents a 'serious risk of flight' was legally erroneous" under § 3142(f)(2), and "[t]he court therefore should not have held a detention hearing, as none was authorized by the law." (Doc. No. 16 at 3, 5.) Importantly, Defendant does not challenge the result of the detention hearing. As the Government emphasizes in its opposition, "[t]he motion before the Court is a narrow one," specifically asking the court to address "whether the record establishes, by a preponderance of the evidence, a serious risk that this defendant will flee, such that the Magistrate Judge was authorized to hold a detention hearing in the first place." (Doc. No. 17 at 2.)

The undersigned has carefully reviewed the briefing of the parties, the Pretrial Service's

Report, and has listened to the recording of the June 26, 2026 detention hearing held in this case. Having conducted a *de novo* review of the magistrate judge's detention order, the undersigned adopts that order and will deny Defendant's motion to revoke the magistrate judge's order of detention. In particular, the undersigned agrees that Defendant's history of arrests in multiple jurisdictions in both Northern and Southern California, specifically arrests for offenses committed in *six* different counties since 2020, indicates that Defendant poses a flight risk as he does not have strong ties to any particular community. While the undersigned acknowledges Defendant's assertion that he has a stable home with his girlfriend and has lived with her in Mountain View, California for the past three-and-a-half years, that assertion carries little weight given that during that time period, Defendant was arrested in four separate counties, not including two arrests while serving time in state prison.

The court further acknowledges that Defendant has not missed a court appearance in his criminal cases. While that performance on pretrial supervision weighs against finding a defendant a flight risk, here, that fact does not outweigh Defendant's recent flight from law enforcement.

The undersigned is particularly persuaded that this case involves a serious risk that Defendant will flee because Defendant fled from law enforcement on August 24, 2025, as reflected in the Benicia Police Department report, which the Government attaches as an exhibit to its opposition brief. (Doc. No. 17-1.) Defendant was driving a vehicle with suspended/expired registration on the interstate, and police officers activated their emergency lights and sirens to pull Defendant over and conduct a traffic stop. (*Id.* at 3.) Defendant made eye contact with the officers in the driver side mirror, knew that police officers were attempting to stop him, and continued driving. (*Id.*) He passed several shoulder areas and off-ramps that he could have used to exit the interstate and pull over to comply with law enforcement, and he did not do so. Eventually, Defendant pulled over on the shoulder of the freeway. (*Id.*)

Thus, on the narrow question presented in Defendant's motion—that is, a threshold determination of whether a detention hearing was warranted under § 3142(f)(2)(A)—the court finds that the magistrate judge correctly found Defendant posed a serious risk of flight, and a detention hearing was therefore warranted in this case.

Accordingly, Defendant's motion to revoke the detention order (Doc. No. 16) is DENIED.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Dena Coggins
United States District Judge